UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DWAYNE PREJEAN** | **CASE NO.  6:21-CV-01274** |
| **VERSUS** | **JUDGE JUNEAU** |
| **KEYSTONE RV COMPANY ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Defendant, Keystone RV Company. (Rec. Doc. 4). Plaintiff opposed the Motion (Rec. Doc. 7), and Keystone replied (Rec. Doc. 10). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Keystone's Motion be denied.

### Factual Background

Plaintiff filed this suit asserting a claim for redhibition under Louisiana law and a claim under the Magnuson-Moss Warranty Act for Plaintiff's allegedly defective recreational vehicle ("RV"). (Rec. Doc. 1). Plaintiff alleges that he purchased a new 2020 30 RLS Cougar from Primeaux Motors, LLC in June 2020 for $37,485. (Rec. Doc. 1, ¶8-9). He alleges the RV was defective for several reasons

and that he returned it to the dealer for repairs on numerous occasions. (Rec. Doc. 12-13). When the RV was allegedly not repaired, Plaintiff sued Keystone as the manufacturer, Primeaux as the dealer, and Bank of America as the assignee on the contract of sale. (Rec. Doc. 1).

Keystone seeks to dismiss Plaintiff's claims on the grounds that he obtained the RV pursuant to a settlement agreement following a dispute involving a prior RV. Keystone attached a copy of the Release and Settlement Agreement ("the Release"). (Rec. Doc. 4-2). Plaintiff likewise relies upon the Release. (Rec. Doc. 7-1). In addition, Plaintiff attached other documents pertaining to the exchange of the prior RV for the 2020 Cougar. (Rec. Doc. 7-2 through 7-5).

## Law and Analysis

### I. Law applicable to F.R.C.P. Rule 12(b)(6)

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid*

*Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

## II. Documents considered.

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The Court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial

jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011).

The Fifth Circuit has also sanctioned consideration of certain documents which were attached to the plaintiff's opposition, where no party questioned the authenticity of the documents and the documents are sufficiently referenced in the complaint. *Walch v. Adjutant Gen.'s Dep't of Texas*, 533 F.3d 289, 294 (5th Cir. 2008). Because both Plaintiff and Keystone rely upon the Release as central to Plaintiff's claims regarding the 2020 Cougar RV, the Court shall consider the Release. The Court shall also consider the Buyer's Order (Rec. Doc. 7-2), Substitution, Release or Addition of Collateral Agreement (Rec. Doc. 7-3), Keystone Limited Warranties form (Rec. Doc. 7-4), and Repair Orders (Rec. Doc. 7-5) as uncontested documents.

### III. **Whether Plaintiff has stated a claim for redhibition.**

Louisiana Civil Code article 2520 establishes a cause of action in redhibition:

The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.

A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.

A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be

4

presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.

Plaintiff alleges that the 2020 Cougar RV he acquired from Defendants pursuant to the Release is defective and has been out of service for over 150 days due to the alleged defects. Louisiana law permits redhibition claims arising from transactions other than sales, such as exchanges. See e.g. *Sikes v. B&S Supply, Inc.*, 164 So. 2d 81 (La. App. 2d Cir. 1964), in which the defendant homebuilder agreed to build the plaintiff a new home in place of the defective home he initially built. The court reasoned that, because contracts of sale and exchange are governed by the same legal principles, the plaintiff could permissibly assert a redhibition claim for the defective replacement home. *Id.* at 83. See also *Palmer v. Anchor Marine, Inc.*, 331 So. 2d 114 (La. App. 1st Cir. 1976), wherein the Court held:

> We are of the opinion that redhibition will certainly apply to the second ATV, otherwise, it would be very easy for dealers to trade off or exchange a new vehicle, just as defective as the first, for the first defective vehicle, and thus escape liability. The buyer pays for a vehicle, and it is the purpose of the redhibition law to give to him a unit defect free for his use, or in lieu thereof, the return of the purchase price.

*Id.* at 117.

Keystone argues that the parties perfected a compromise, which is a legal contract distinct from sale and exchange. Citing Planoil, Keystone contends that a compromise does not confer the right to pursue redhibition claims. (Rec. Doc. 10, p.

5

2-3). The Court disagrees. Applying the reasoning of the *Palmer* court, *supra*, Louisiana law would not allow a party to escape liability for a defective thing by classifying an agreement as a compromise rather than a sale or exchange. Moreover, the Release Agreement refers to the replacement of the original RV with the replacement RV as an "actual exchange." (Rec. Doc. 7-1, p. 1). Also noteworthy is Plaintiff's waiver of all claims regarding the alleged breach of warranties vis-à-vis the original RV. (*Id.*) The Release Agreement does not purport to waive any claims relative to the 2020 Cougar replacement RV. Accordingly, the Court finds that Plaintiff may legally pursue redhibition claims regarding the 2020 Cougar replacement RV.

### IV. Whether Plaintiff has stated a claim for breach of warranty under the Magnuson-Moss Act.

The Magnuson-Moss Warranty Act provides a federal cause of action for consumers injured by a supplier's breach of warranty obligations. 15 U.S.C. §2301 et seq. Commenting on the interplay of the MMWA and state law warranty claims, the Eastern District of Louisiana noted as follows:

> Three Federal Circuit Courts have concluded that state law governs warranty claims under the MMWA, "except as otherwise prescribed with particularity in Magnuson–Moss itself." [T]he United States Court of Appeals for the Fifth Circuit…has held that "when federal law operates in an area historically regulated by states, courts have required a 'clear statement' by Congress of an intent to preempt."

6

> "Cognizant of this presumption favoring the validity of state law," the Fifth Circuit has "eschewed interpretations of Magnuson–Moss 'that would significantly affect the federal-state balance.'"

*Pitre v. Yamaha Motor Co.,* 51 F. Supp. 3d 644, 667–68 (E.D. La. 2014), quoting *Chrysler Corp. v. Tex. Motor Vehicle Com'n,* 755 F.2d 1192, 1205 (5th Cir.1985). (other citations and internal quotations omitted).

Keystone argues that Plaintiff is not a "consumer" as defined by the MMWA. The MMWA defines consumer as "a buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract)." 15 U.S.C. §2301(3). The MMWA's definition of "consumer" includes any person who is entitled under state law to enforce the warranty obligations against the warrantor. As discussed above, Plaintiff is entitled to enforce warranty obligations pertaining to the RV obtained via transaction legally equivalent to exchange. Thus, the Court finds that Plaintiff has stated a claim under the MMWA.

Keystone's last argument suggests that its Limited Warranties pertaining to the 2020 Cougar RV do not apply, because the warranties were intended to be provided in the event of a purchase, and thus do not render Plaintiff a consumer under the third prong of the MMWA. The Court is not persuaded. The fact that

7

Keystone provided the warranty at all undermines its position that Plaintiff is not a consumer. Hence, the Court finds that Plaintiff has stated a claim for redhibition.

## Conclusion

For the reasons discussed herein, the Court recommends that the Keystone RV Company's Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 4) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 7th day of July, 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE